[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-10943
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 17, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00314-CV-C-S

JANELL MCDOWELL,
STEPHANIE SANDERS,

Plaintiffs-Appellants,

versus

SOUTHERN NUCLEAR OPERATING COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

**(October 17, 2007)**

Before ANDERSON, BIRCH and MARCUS, Circuit Judges.

PER CURIAM:

Appellants Janell McDowell and Stephanie Sanders, two African-American

females, appeal the district court's grant of summary judgment to their former

employer, Southern Nuclear Operating Company, Inc. ("Southern Nuclear"), in their employment discrimination lawsuit, alleging disparate treatment based on race, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981. Appellants argue that the district court erred by entering summary judgment after finding that because Appellants had not identified a similarly situated employee who had been treated more favorably, they had not established a prima facie case of discrimination. After careful review, we affirm.

We review a grant of summary judgment de novo, considering all the evidence in the light most favorable to the nonmoving party, and making all reasonable inferences in his favor. Brooks v. County Com'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006); Maniccia v. Brown, 171 F.3d 1364, 1367 (11th Cir. 1999). Summary judgment should be granted only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

Title VII makes it unlawful for an employer to discharge any individual, or otherwise to discriminate against any individual with respect to her compensation,

terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin. See 42 U.S.C. § 2000e-2(a). Because Appellants rely on circumstantial evidence to establish their disparate-treatment claim, we test the sufficiency of that claim by applying the burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248 (1981). See Chapman v. AI Transp., 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc).

Under the McDonnell Douglas framework, a plaintiff first must show an inference of discriminatory intent, and thus carries the initial burden of establishing a prima facie case of discrimination. See McDonnell Douglas, 411 U.S. at 802. In a disparate-treatment case like this one, to satisfy her prima facie burden, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dept. of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1289 (11th Cir. 2003); Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (per curiam).[1]

---

[1] Section 1981 guarantees all individuals "equal benefit of all laws" regardless of race, and specifically, it protects individuals against employment discrimination based on race. 42 U.S.C. § 1981(a); see also Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459 (1975). When a litigant asserts claims under both Title VII and §1981, the statutes "have the same requirements of proof and

3

The plaintiff's successful assertion of a <u>prima</u> <u>facie</u> case "creates a rebuttable presumption that the employer unlawfully discriminated against her." <u>E.E.O.C. v. Joe's Stone Crab, Inc.</u>, 296 F.3d 1265, 1272 (11th Cir. 2002) (citing <u>U.S. Postal Serv. Bd. of Governors v. Aikens</u>, 460 U.S. 711, 714 (1983)). If the plaintiff successfully demonstrates a <u>prima</u> <u>facie</u> case, the burden then shifts to the employer to produce evidence that its action was taken for a legitimate, non-discriminatory reason. <u>See</u> <u>Joe's Stone Crab</u>, 296 F.3d at 1272. "Should the employer meet its burden of production, the presumption of discrimination is rebutted, and the inquiry 'proceeds to a new level of specificity,' in which the plaintiff must show that the proffered reason really is a pretext for unlawful discrimination." <u>Id.</u> at 1272-73 (quoting <u>Burdine</u>, 450 U.S. at 255-56). "Although the intermediate burdens of production shift back and forth, the ultimate burden of persuading the trier of fact that the employer intentionally discriminated against the employee remains at all times with the plaintiff." <u>Id.</u> at 1273.

The district court found that Appellants did not satisfy their initial burden to establish a <u>prima</u> <u>facie</u> case of discrimination. Again, to do so, a plaintiff must show: (1) she was a member of a protected class; (2) she was qualified for the

---

use the same analytical framework." <u>Standard v. A.B.E.L. Servs., Inc.</u>, 161 F.3d 1318, 1330 (11th Cir. 1998).

position; (3) she suffered an adverse employment action; and (4) she was treated less favorably than a similarly-situated individual outside her protected class. See Maynard, 342 F.3d at 1289. The instant appeal concerns only the fourth element of the prima facie case.

"In determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." Holifield, 115 F.3d at 1562. To show that employees are similarly situated, the plaintiff must establish that the employees are "similarly situated in all relevant respects." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004). The comparator must be "nearly identical" to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer. Id.

Here, the district court properly granted summary judgment because Appellants were unable to show that other, non-minority, employees were similarly situated but treated more favorably by their employer, and therefore they could not establish a prima facie case of discrimination. Following allegations by two employees that McDowell and Sanders had created a hostile work environment, Southern Nuclear conducted an investigation and concluded that both McDowell and Sanders had committed this misconduct, and they were disciplined

5

accordingly. McDowell was subsequently terminated because she failed to improve her attitude, and Sanders was later terminated for job abandonment. The alleged comparators did not participate in any conduct that was considered to create or promote a hostile work environment, and therefore are not similarly situated for purposes of the fourth prong of a <u>prima</u> <u>facie</u> case. Accordingly, Southern Nuclear was entitled to summary judgment.[2]

**AFFIRMED.**

---

[2] We DENY Southern Nuclear's motion for attorneys' fees, filed pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927. Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Under 11th Circuit Rule 28-1(i), a party's brief must contain a proper statement of facts, which means that it must "state the facts accurately, those favorable and unfavorable to the party." Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

In <u>Schwartz v. Million Air, Inc.</u>, 341 F.3d 1220, 1225 (11th Cir. 2003), we held that in order "to justify an award of sanctions pursuant to section 1927, an attorney must engage in unreasonable and vexatious conduct; this conduct must multiply the proceedings; and the amount of the sanction cannot exceed the costs occasioned by the objectionable conduct. See <u>McMahan v. Toto</u>, 256 F.3d 1120, 1128 (11th Cir. 2001). This Court noted that "bad faith" is the touchstone of an award of sanctions, and "[a] determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim." <u>Schwartz</u>, 341 F.3d at 1225.

In this case, Appellants' conduct does not rise to the level of bad faith and unreasonable and vexatious conduct required by § 1927 and the case law of this circuit. <u>Schwartz</u>, 341 F.3d at 1225. Though their claims failed on summary judgment because they did not present evidence of a proper comparator, McDowell and Sanders filed an appeal challenging this decision based on their belief that two former co-workers were proper comparators. In short, this does not evidence knowingly or recklessly pursuing a frivolous claim. <u>Schwartz</u>, 341 F.3d at 1225. Thus, Southern Nuclear is not entitled to attorneys' fees and costs in defending against this suit on appeal.